WILLIAM D. PERRINE, Respondent, *v.* HIRAM G. HOTCHKISS, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

The defendant took a mortgage from the plaintiff, and gave back an agreement to pay the mortgagor the amount secured, with interest, and also to discharge the interest on the mortgage; the bond and mortgage were then transferred by the mortgagee to the superintendent of the banking department, as security for circulating notes issued to the former, equal in amount to the sum secured, and it had been given for the purpose of such transfer.—*Held,* that the transaction was not usurious.

THIS was an appeal by the defendant from a judgment for the plaintiff on the report of a referee.

The plaintiff sought to recover a sum due on an agreement with the defendant as follows, viz.:

"Received of William D. Perrine, his bond and mortgage for $920, executed by said Perrine and wife to me, as banker of H. G. Hotchkiss & Co.'s bank, Lyons, to be used by me in my banking operations; and I agree to pay said Perrine said sum of $920, in circulating notes of said bank, or in currency, it being the face of said bond and mortgage, with interest on the same from this date; and I agree that said Perrine shall not be required to pay the interest on said bond and mortgage, according to its terms, so long as the principal remains unpaid, as aforesaid; but that as often as the same becomes due and payable, according to the terms and conditions hereof, the same shall be canceled by the receipt of said Hotchkiss, banker, as if the same had been actually paid. Dated September 8th, 1860."

The remaining facts are stated in the opinion.

*William Clark,* for the appellant.

*George F. Danforth,* for the respondent.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

Perrine *v.* Hotchkiss.

By the Court—E. Darwin Smith, P. J.   This case comes before us on appeal upon the record, containing exceptions, but without the evidence.   The case embraces the pleadings, the report of the referee with exceptions thereto, and a brief statement of the proceedings on the trial, and the judgment.

The referee's report covers the issues made by the pleadings and negatives by implication, the defence of usury set up in the defendant's fifth answer, which was the point chiefly litigated in the action.   (*Lefler* v. *Field*, 50 Barb., 413; and id., 33 Howard, 385 ; *Nel on* v. *Ingersoll*, 27 id., 1.)   The question presented upon the appeal is, therefore, whether the referee drew the right legal conclusion from the facts found by him.   Assuming, as we must, that the evidence did not present a case of usury in fact, or that the referee has found, as matter of fact, that the transaction between the parties was not intended as a device, or contrivance to evade the usury laws, or as a cover for usury, the question for our decision, then, is simply whether, upon the face of the record, a case of usury *per se* is established as a matter of law.

Upon the facts, as found by the referee, the plaintiff executed and delivered to the defendant, his bond and mortgage, for the payment of $920, in five years, with conditions according to the requirements of the general banking laws of the State, for the purpose of its being assigned and transferred by the defendant to the superintendent of the bank department, in exchange for circulating notes, to be used and put into circulation by the defendant's bank to the amount of the said $920; and that in consideration thereof, the defendant executed the receipt set forth in said report.

By this receipt, the defendant agreed to pay the plaintiff said sum of $920 in the circulating notes of said bank, or in currency, with interest on the same from date, and also to pay and discharge the interest on said bond and mortgage as it fell due.

I do not see how we can hold that this contract between the parties as a necessary legal inference, was usurious.

The statute regulating the interest upon money prohibits the taking of a greater rate of interest than seven per cent upon the loans or forbearance of any money, goods or things in action. (1 Rev. Stat., 772, *et seq.*)

It is essential to constitute usury that there be in effect and intent, a loan or forbearance of money. (*The Dry Dock Bank* v. *The American Life Insurance and Trust Company,* 3 Comstock, 344.)

Whatever is the form of a particular transaction, there must be in substance and effect a loan of money to bring the case within the terms and intent of the statute. In this case, there was no loan of money. It clearly was not the object or purpose of the agreement between these parties to effect or cover up a loan of money. The transaction may perhaps be regarded as an exchange of securities. The plaintiff executed and delivered his bond and mortgage for the defendant's agreement to pay him $920 and interest, and pay the interest on his bond and mortgage. An exchange of securities, even though one party makes a profit by the transaction, is not usurious unless connected with a loan of money and designed to cover such loan. (*Dunham* v. *Dey*, 13 Johns, 40; *Suydam* v. *Westfall*, 4 Hill, 211; *Ketcham* v. *Barber*, 4 id., 225.) But I think the transaction may more properly be regarded as an arrangement for the execution and delivery of the said bond and mortgage for the consideration of $920, the amount of its face to be paid in the currency to be received from the banking department upon the same. The bond and mortgage were made to be, and were, immediately transferred to the superintendent of the banking department in exchange for circulating notes. These notes were to be immediately paid to the plaintiff, for said bond and mortgage. This would make the mortgage a valid mortgage immediately as between the parties. The circulating notes being the notes of the defendant's bank he would get the use and benefit of the circulation in his banking business, and the plaintiff would have to pay his bond and mortgage at maturity. In the meantime, this plaintiff was to pay no interest to the

defendant on the bond and mortgage. The effect of this arrangement is, that the plaintiff was to have the use of $920 without interest till his bond and mortgage fell due, and the defendant's bank get the use and profit of the circulation and the use of the bond and mortgage as part of the capital of his bank. This was doubtless the design and intent of the arrangement, and I can see nothing in it necessarily usurious. It was apparently a fair bargain for their mutual profit, and the defendant doubtless expected to make as much out of the circulation as the plaintiff would make out of the money he received before his mortgage fell due. At least there was no loan of money between the parties and none intended, and we cannot say as matter of law that the transaction was designed to cover a usurious transaction and was in law, in violation of the statute. I see no error in the proceedings, in the trial, or in the report of the referee, and I think the judgment should be affirmed.

Judgment affirmed.